IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AARON VINCENT GREEN,

    Petitioner,

v.                                                                                        Civil Action No. **3:18CV598**

WARDEN FRAM,

    Respondent.

## MEMORANDUM OPINION

Aaron Vincent Green, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his 2013 convictions in the Circuit Court of the County of Arlington, Virginia ("Circuit Court"). Green argues that he is entitled to relief on the following grounds:[1]

    Claim One:     "Insufficient counseling: Attorney Nader Hasan was insufficient when he failed to object to [the] erroneous entry of [Green's] prior record [at trial]." (§ 2254 Pet. 5.)

    Claim Two:     "Chain of custody with evidence [and] tampering[:]" "Officer Mason testified [that] he retrieved [the] item from Officer Kernieky, then placed [the] item inside his pocket, where it remained [for] the next few hours[,]" and then "[w]hile alone in his cruiser, he opened, and tested [the] item, changing the composition of content, while never securing [the] item inside an evidence bag." (*Id.* at 6.)

    Claim Three:     "[The Circuit] Court failed to provide [Green] with a verbatim copy of [the] trial transcript[,]" and Green "could not accurately perfect [his] appeal with [an] incomplete transcript." (*Id.* at 8.)

Respondent moves to dismiss on the ground that Green's claims are procedurally defaulted and barred from review here. Despite the provision of notice pursuant to *Roseboro v. Garrison*,

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Green's submissions.

528 F.2d 309 (4th Cir. 1975), Green has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 5) will be GRANTED because Green's claims are procedurally defaulted.

## I. PROCEDURAL HISTORY

After a jury trial, Green was convicted of one count of possession with intent to sell cocaine, third offense, and one count of possession with intent to sell cocaine within 1,000 feet of school property, second offense. *Commonwealth v. Green*, Nos. CR12–1245, CR12–1246 (Va. Cir. Ct. May 24, 2013). On October 18, 2013, the Circuit Court sentenced Green to eleven years of incarceration. (ECF No. 7–1, at 1–4.) Green, proceeding with counsel, filed a post-trial motion, requesting a mistrial or, in the alternative to set aside the verdict, raising the following grounds:

> (I) the trial transcript [was] allegedly incomplete; (II) Mr. Green was not present during sidebar conferences; (III) the Commonwealth mistakenly offered Commonwealth trial exhibit 9, then withdrew it; (IV) Mr. Green's prior record showing a pre-indictment conviction under Va. Code Ann. § 18.2–248(C) was introduced to support a conviction for a second or subsequent violation of Va. Code, Ann. Sec. 18.2–248(C), as alleged in the underlying indictment; (V) allegedly, there was improper communication between the juror and a deputy sheriff; and (VI) the evidence of possession of cocaine and possession with the intent to distribute cocaine was not sufficient to exclude all reasonable hypotheses of innocence.

(*See* ECF No. 7–2, at 1–2.) On May 6, 2014, the Circuit Court denied Green's post-trial motion. (*Id.* at 9, 10.)

Subsequently, Green, proceeding with counsel, filed a petition for appeal raising the following assignments of error:

1. The trial court erred in finding the evidence sufficient to prove intent to distribute and refusing to set aside the verdict, when the expert's testimony was too inconsistent to establish the meaning of the quantity allegedly possessed and the arresting officer testified that there was no probable cause to search [Green's] house for evidence of distribution.
2. The trial court erred in finding the evidence sufficient to prove possession and refusing to set aside the verdict when the testimony of the arresting officer was inconsistent and not credible.
3. The trial court erred in denying Mr. Green's motion for a mistrial or to set aside the verdict when the trial had been fundamentally unfair in violation of Mr.

Green's right to due process and an impartial jury under the Sixth Amendment to the United States Constitution and Article I, Section 8 of the Virginia Constitution, in that the jury was permitted to consider Mr. Green's prior criminal record in determining his guilt of the possession and possession with intent to distribute alleged in this case.
4. The trial court erred in denying Mr. Green's motion for a mistrial or to set aside the verdict when the trial had been fundamentally unfair in violation of Mr. Green's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 11 of the Virginia Constitution in that some but not all of Mr. Green's prior record with respect to possession of drugs was admitted into evidence, with the result that evidence of prior convictions of possession with intent to distribute was admitted and exculpatory evidence of a prior conviction for simple possession was omitted.
5. The trial court erred in admitting evidence of unadjudicated prior bad acts, in violation of longstanding Virginia case law and of Mr. Green's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 11 of the Virginia Constitution.

Petition for Appeal 1–3, *Green v. Commonwealth*, No. 0339-14-4 (Va. Ct. App. filed Sept. 4, 2014) (citations omitted).

On February 19, 2015, the Court of Appeals of Virginia denied the petition for appeal as to the first, second, and fifth assignments of error. *Green v. Commonwealth*, No. 0339-14-4, at 1–6 (Va. Ct. App. Feb. 19, 2015). With respect to the third and fourth assignments of error, the Court of Appeals of Virginia dismissed the petition for appeal, stating: "In this case, the notice of appeal was filed prior to the trial court deciding or making any oral pronouncement on the post-sentencing motions, therefore, that notice of appeal was insufficient to include any alleged error related to the denial of the post-sentencing motions." *Id.* at 5. Subsequently, a three-judge panel also denied in part and dismissed in part the petition for appeal. *Green v. Commonwealth*, No. 0339-14-4, at 1 (Va. Ct. App. Aug. 24, 2015). Thereafter, Green noted an appeal to the Supreme Court of Virginia, raising the same five claims that he raised in the Court of Appeals of Virginia, as well as the following two additional claims:

> 5. The Court of Appeals erred in determining that the review of Assignments of Error regarding issues raised in post-judgment motions in the trial court was barred by the early filing of a notice of appeal and in dismissing those portions of the Petition for Appeal.
>
> ....
>
> 7. The Court of Appeals erred in determining that the review of the Assignment of Error regarding admission of evidence of prior bad acts was barred by a failure to object to it contemporaneously in the trial court.

Petition for Appeal 3, *Green v. Commonwealth*, No. 151471 (Va. filed Sept. 28, 2015) (citations omitted).

On August 20, 2015, Green moved for leave to file a delayed appeal in the Court of Appeals of Virginia. Motion for Delayed Appeal 1, *Green v. Commonwealth*, No. 1963-15-4 (Va. Ct. App. filed Aug. 20, 2015). On October 15, 2015, the Court of Appeals of Virginia granted Green's motion and authorized him to file a replacement notice of appeal. *Green v. Commonwealth*, No. 1963-15-4, at 1 (Va. Ct. App. Oct. 15, 2015). In his replacement notice of appeal, Green, proceeding with counsel, raised the following assignments of error:

> 1. The trial court erred in denying Mr. Green's motion for a mistrial or to set aside the verdict when the trial had been fundamentally unfair in violation of Mr. Green's right to due process and an impartial jury in violation of Mr. Green's right to due process and an impartial jury under the Sixth Amendment to the United States Constitution and Article I, Section 8 of the Virginia Constitution, in that the jury was informed of Mr. Green's prior criminal record before determining his guilt.
>
> 2. The trial court erred in denying Mr. Green's motion for a mistrial or to set aside the verdict when the trial had been fundamentally unfair in violation of Mr. Green's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 11 of the Virginia Constitution, in that some but not all of Mr. Green's prior record with respect to possession of drugs was admitted into evidence, with the result that evidence of prior convictions of possession with intent to distribute [were] admitted and exculpatory evidence of a prior conviction for simple possession was omitted.

Petition for Appeal 1, *Green v. Commonwealth*, No. 1963-15-4 (Va. Ct. App. filed May 11, 2016) (citations omitted). On September 6, 2016, the Court of Appeals of Virginia denied the petition

for appeal. (ECF No. 7–3, at 1.) A three-judge panel also denied the petition for appeal. *Green v. Commonwealth*, No. 1963-15-4, at 1 (Va. Ct. App. Dec. 30, 2016). On February 1, 2017, Green noted an appeal to the Supreme Court of Virginia, raising the same two claims that he raised in the delayed appeal in the Court of Appeals of Virginia, as well as the following additional claim:

> 3. The Court of Appeals erred in finding that appellate consideration of the assignments of error was barred by Rule 5A:18, when the matters were raised by post-trial motions and actually ruled upon by the trial court.

Petition for Appeal 2, *Green v. Commonwealth*, No. 170169 (Va. filed Feb. 1, 2017) (citations omitted).

Green moved to consolidate his two appeals in the Supreme Court of Virginia. Motion to Consolidate Proceedings With Record No. 151471, *Green v. Commonwealth*, No. 170169 (Va. filed Feb. 1, 2017). On February 23, 2017, the Supreme Court of Virginia granted Green's "motion to consolidate the proceedings in [Record No. 170169] with *Aaron Vincent Green v. Commonwealth of Virginia*, Record No. 151471." *Green v. Commonwealth*, No. 170169 (Va. Feb. 23, 2017).

On September 7, 2017, the Supreme Court of Virginia "refuse[d] the petition for appeal filed in Record No. 170169, and refuse[d] assignments of error nos. 1 through 4, 6, and 7 in Record No. 151471" and "dismisse[d] as moot assignment of error no. 5 in Record No. 151471." (ECF No. 7–4, at 1.) Green did not file a petition for a writ of habeas corpus in the state courts. Instead, on August 13, 2018, Green filed the instant § 2254 Petition in this Court.[2] (§ 2254 Pet. 14.)

---

[2] This is the date that Green states he deposited his § 2254 Petition in the prison mailing system (§ 2254 Pet. 14), and the Court deems this as the date that the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)).

The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Green was required to present properly his claims to the Supreme Court of Virginia. Green failed to raise his claims on direct appeal or in a state habeas petition before the Supreme Court of Virginia. If Green now attempted to raise Claim One in the Supreme Court of Virginia in a habeas petition, it would be barred as untimely pursuant to Va. Code Ann.

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

7

§ 8.01–654(A)(2).[4] If Green now attempted to raise Claims Two and Three in the Supreme Court in a habeas petition, the habeas petition would be barred as untimely pursuant to Va. Code Ann. § 8.01–654(A)(2), and would be barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Green could have raised, but failed to raise, these claims on direct appeal. Both Va. Code Ann. § 8.01–654(A)(2) and *Slayton* constitute adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Thus, Claims One, Two, and Three are procedurally defaulted. Further, as discussed below, Green fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice.

Specifically, with respect to Claims One, Two, and Three, Green failed to fill in the § 2254 Petition form where it asks: "If you did not exhaust your state remedies . . . , explain why." (§ 2254 Pet. 5, 7, 8.) Therefore, Green fails to offer any cause for his default of his claims. Nevertheless, in other sections of his § 2254 Petition, Green presents additional information about his attempts to present his claims in the state courts. The Court generously construes Green's various statements about attempting to present his claims in the state courts to be arguments to excuse his default.

---

[4] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2019).

8

For Claim One, based on Green's responses in the "Direct Appeal" section and the "Post-Conviction Proceedings" section of the § 2254 Petition form, Green apparently believes that he raised this claim on direct appeal and in his "Motion for Mistrial or to Set Aside the Verdict" in the Circuit Court. (*Id.* at 5.) However, contrary to Green's assertions, he did not raise this ineffective assistance of counsel claim on direct appeal or in his post-trial motion in the Circuit Court, and he did not present this claim to the Supreme Court of Virginia in any other manner. *See* Petition for Appeal 1–3, *Green v. Commonwealth*, No. 0339-14-4 (Va. Ct. App. filed Sept. 4, 2014); Petition for Appeal 1, *Green v. Commonwealth*, No. 1963-15-4 (Va. Ct. App. filed May 11, 2016); (*see also* ECF No. 7-2, at 1–2).

Moreover, because Green did not pursue any habeas proceedings in state court, *Martinez v. Ryan*, 566 U.S. 1 (2012), is inapplicable to Claim One, and does not establish cause for the procedural default of this claim. *See Walton v. Ray*, No. 3:17CV474, 2018 WL 2978022, at *3 (E.D. Va. June 13, 2018) (citing *Pullen v. Dir., Va. Dep't of Corr.*, No. 7:14CV00211, 2015 WL 159533, at *3 (W.D. Va. Jan. 13, 2015); *Anderson v. Clarke*, No. 2:13-CV-223, 2014 WL 1203032, at *5 (E.D. Va. Mar. 24, 2014)) ("*Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever." (quoting *Jones v. Pa. Bd. of Prob. & Parole*, 492 F. App'x 242, 246–47 (3d Cir. 2012))), *appeal dismissed*, 744 F. App'x 828 (4th Cir. 2018). Thus, Claim One is defaulted and barred from review here, and it will be DISMISSED.

For Claim Two, in the "Direct Appeal" section of the § 2254 Petition form, Green indicates that he did not raise this issue on direct appeal because his trial counsel, "Nader Hasan[,] did not push [the] issue, did not object during trial, or ask for a motion to dismiss." (§ 2254 Pet. 7.) In the "Post-Conviction Proceedings" section, Green vaguely states that he did not raise Claim Two

in any post-conviction proceedings due to "[i]nsufficient counseling[;] attorney did not push issue." (*Id.* at 8.)

For Claim Three, in the "Supporting facts and law" section of the § 2254 Petition form, Green states that his appellate counsel, "Helen Randolph[,] refused to appeal." (*Id.*) However, in the "Direct Appeal" section, Green then indicates that he raised Claim Three on direct appeal. (*Id.*) Further, in the "Post-Conviction Proceedings" section, Green indicates that Claim Three was raised in an "Objection to the Transcript" that was filed in the Circuit Court, and that the "objection was overruled." (*Id.* at 9.) In another portion of the "Post-Conviction Proceedings" section, Green vaguely indicates that he did not raise Claim Three in any post-conviction proceedings because "counsel would not pursue [the] issue." (*Id.*)

Contrary to Green's assertions, he did not raise either Claim Two or Claim Three on direct appeal, and he failed to file a state habeas petition or to present his claims to the Supreme Court of Virginia in any other manner. Green's contradictory statements about whether he previously raised Claims Two and Three fail to demonstrate any cause and prejudice or a fundamental miscarriage of justice.

Moreover, even construing Green to argue that counsel is the cause for his default of Claims Two and Three, as explained below, counsel fails to serve as cause for Green's default of these claims. As an initial matter, because Green failed to previously present any such claims regarding counsel's ineffective assistance, he must also show cause to excuse the default of these ineffective assistance of counsel claims. *See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) (holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself"). Green fails to do

so. (*See* § 2254 Pet. 5–9.) Further, as noted above, *Martinez* is inapplicable here and does not establish cause for the procedural default of these claims because Green did not pursue any collateral proceedings in state court.[5] *See Walton*, 2018 WL 2978022, at *3 (citations omitted); *see also Jones*, 492 F. App'x at 246–47. Accordingly, Claims Two and Three are defaulted and barred from review here, and they will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 5) will be GRANTED. Green's claims will be DISMISSED, and his § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

Date: July 24, 2019
Richmond, Virginia

/s/
Roderick C. Young
United States Magistrate Judge

---

[5] Moreover, even if the Court addressed the merits of Green's ineffective assistance of counsel claims, Green's terse and conclusory allegations, which he presents without any specific factual support, fail to demonstrate deficient performance or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963).

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Green fails to meet this standard.

11